IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEANDRE K. DAVIS, Y26460,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | Case No. 24-cv-01717-SMY |
| ) | |
| **GARRETT LEPOSKY,** ) | |
| **C/O E.,** ) | |
| **C/O GARCIA,** ) | |
| **and JOHN DOE,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court for preliminary review of the Amended Complaint (Doc. 13) filed pursuant to 42 U.S.C. § 1983 by Plaintiff Deandre Davis, an inmate in the custody of the Illinois Department of Corrections (IDOC) and currently incarcerated at Menard Correctional Center (Menard). Plaintiff claims that the defendants subjected him to excessive force, inadequate medical care, and unconstitutional living conditions at Menard. The Amended Complaint must be screened under 28 U.S.C. § 1915A, which requires the dismissal of any portion that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant. 28 U.S.C. § 1915A(a)-(b).

### Amended Complaint

Plaintiff makes the following allegations in the Amended Complaint (Doc. 13, pp. 1-4): On March 12, 2024, Sergeant Leposky and C/O E. escorted Plaintiff from Menard's N-2-6 Gallery to a bullpen in the N-2-5 Gallery in an "aggressive way." *Id*. at 3. Plaintiff did not respond with aggression but asked where the officers were taking him. Neither officer answered his question. C/O E. instead said, "I know how to deal with a Black guy" and "was gone." *Id*.

1

Later the same day, Sergeant Leposky and 7 or 8 other officers assaulted Plaintiff while he was handcuffed in the bullpen N-2-5 Gallery. The officers also ordered him to strip naked. When Plaintiff complied, they sprayed his private parts with mace. Plaintiff could not identify the 7 or 8 officers because they wore no nametags or badges, and there were no cameras in the area. *Id*.

When he returned to his cell, Plaintiff discovered that his property, clothing, mattress, blanket, sheets, bed, toilet tissue, toiletries, running water, and showers were no longer available. *Id*. at 3-4. He had no access to these items or recreation time for the next 60-90 days. *Id*. at 4. Defendants knew that Plaintiff was not on suicide watch, and he should not have been subjected to these deprivations. *Id*.

On March 13, 2024, C/O Garcia closed Plaintiff's chuckhole door, so he did not receive dinner. The officer then spent the night shining a light into his cell, kicking his cell door, and screaming at the plaintiff whenever he passed. The next morning, Plaintiff found his dinner tray thrown on the cell floor with the food scattered. *Id*.

In the days after the assault, Plaintiff noticed that his eyes were black and red. He began coughing up blood, experiencing frequent headaches, and suffering from persistent pain. Plaintiff submitted multiple sick call requests, but was denied medical treatment for his injuries. More than two months after he began seeking medical attention, a nurse finally called him for an appointment, but sent him back to his cell to "heal[ ] up" without providing treatment. *Id*. at 4.

## **Preliminary Dismissals**

Plaintiff mentions 7 or 8 unknown officers who assaulted him and a nurse who denied him medical care for his injuries, but does not identify these individuals as defendants. Therefore, the Court will not treat the officers or nurse as parties to this action; all claims against them are dismissed without prejudice. FED. R. CIV. P. 10(a) (title of complaint "must name all the parties").

Plaintiff identifies "C/O John Doe" as a defendant in the case caption of the Complaint, but makes no allegations against this single unknown officer. If a plaintiff fails to include allegations against a defendant in the statement of claim, the defendant cannot be said to have notice of any claims against him or her. FED. R. CIV. P. 8(a)(2); *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). C/O John Doe will therefore be dismissed from this action without prejudice.

## Discussion

Based on the allegations in the Amended Complaint, the Court designates the following claims in this *pro se* action:

Count 1: Sergeant Leposky and C/O E. used excessive force against Plaintiff by escorting him in an "aggressive way" from Menard's N-2-6 Gallery to Menard's N-2-5 Gallery on March 12, 2024, in violation of Plaintiff's rights under the Eighth Amendment.

Count 2: C/O E. verbally harassed Plaintiff when he said, "I know how to deal with a Black guy" and "was gone" on March 12, 2024, in violation of Plaintiff's rights under the Eighth Amendment.

Count 3: Sergeant Leposky used excessive force against Plaintiff by assaulting him and spraying his private parts with mace while he was handcuffed in Menard's N-2-5 Gallery bullpen on March 12, 2024, in violation of Plaintiff's rights under the Eighth Amendment.

Count 4: Plaintiff had no access to his property, clothing, mattress, blanket, sheets, bed, toilet tissue, toiletries, running water, showers, or recreation for 60-90 days between March 12, 2024 and June 20, 2024, in violation of his rights under the Eighth Amendment.

Count 5: C/O Garcia harassed Plaintiff on the night of March 13, 2024, by shutting his chuckhole door, delaying his dinner, shining a light into his cell, kicking his cell door, screaming at him, and tossing his dinner tray onto the floor, in violation his rights under the Eighth Amendment.

Count 6: Plaintiff was denied medical treatment for his injuries following the assault on March 12, 2024, in violation of his rights under the Eighth Amendment.

Count 7: Sergeant Leposky, C/O E., and C/O Garcia assaulted and/or battered Plaintiff on or around March 12, 2024, in violation of Illinois state law.

Any other claim that is mentioned in the Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim for relief if it does not plead "enough facts to state a claim to relief that is plausible on its face").

### Counts 1 and 3

The Eighth Amendment prohibits the wanton and unnecessary infliction of pain on incarcerated persons. U.S. CONST. Amend VIII. This includes the unauthorized use of force against an inmate by a state actor or the failure to protect an inmate from its use by an officer or another inmate. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). An Eighth Amendment excessive force claim arises when a state actor "use[s] force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 889-90 (7th Cir. 2009) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)).

Plaintiff's allegations articulate claims in Count 1 against Sergeant Leposky and C/O E., for allegedly escorting Plaintiff in an aggressive way, and in Count 3 against Sergeant Leposky, for allegedly assaulting Plaintiff alongside other officers, all on March 12, 2024. During these two incidents, the officers allegedly used force against Plaintiff while he was handcuffed and acting in compliance with their orders, and the use of force caused long-lasting, painful injuries. Count 1 will proceed against Sergeant Leposky and C/O E., and Count 3 will receive further review against Sergeant Leposky.

### Counts 2 and 5

Verbal harassment does not typically rise to the level of cruel and unusual punishment in violation of the Eighth Amendment, even when it is derogatory, racial, or sexual in nature. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). Harassment that is malicious and lacking in

penological justification may cross the line if it is accompanied by physical conduct, causes psychological damage, or places an inmate at heightened risk of assault. *Beal v. Foster*, 803 F.3d 356, 357 (7th Cir. 2015); *Chatham v. Ill. Dep't of Corr.*, 685 F. App'x 487, 489 (7th Cir. 2017).

Counts 2 and 5 both arise from allegations of harassment by two officers, C/O E. (Count 2) and C/O Garcia (Count 5). In Count 2, Plaintiff claims that C/O E. said, "I know how to deal with a Black guy" and "was gone" after escorting Plaintiff to Menard's N-2-5 Gallery on March 12, 2024. (Doc. 13, p. 3). Plaintiff describes no subsequent encounters with this officer. Standing alone, this verbal harassment does not amount to cruel and unusual punishment in violation of the Eighth Amendment. *DeWalt*, 224 F.3d at 612. Therefore, Count 2 cannot proceed as a standalone Eighth Amendment claim against C/O E.

Count 5 against C/O Garcia also involves allegations of taunting unaccompanied by any physical contact, risk of physical harm, or psychological harm. Plaintiff alleges that the officer shut his chuckhole door, delayed delivery of his dinner, shined a light into his cell, and screamed at him at night. These allegations do not state a viable Eighth Amendment claim. Accordingly, Count 5 will be dismissed without prejudice against C/O Garcia.

**Counts 4 and 6**

Plaintiff names no defendants in connection with his Eighth Amendment claims for unconstitutional conditions of confinement (Count 4) and denial of medical care (Count 6). Both claims require allegations of deliberate indifference on the part of each defendant.

Deliberate indifference occurs when a defendant knows of and disregards an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. at 834-35. The defendant must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and "must also draw the inference." *Id*. at 837. Plaintiff does not allege that any particular

defendant knowingly or intentionally housed him in a cell without basic necessities (Count 4) or denied him medical care after he informed them of his injuries (Count 6).  Counts 4 and 6 will be dismissed without prejudice for failure to state a claim.

### Count 7

The Court turns to Plaintiff's state law claim for assault and/or battery.[1]  Illinois law defines a civil assault as an intentional and unlawful offer of corporal injury by force or force unlawfully directed under circumstances that create a fear of imminent peril coupled with the present ability to effectuate the attempt if not prevented.  *Yang v. Hardin*, 37 F.3d 282, 286 (7th Cir. 1994).  A battery occurs when a person "intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." *Smith v. City of Chicago*, 242 F.3d 737, 744 (7th Cir. 2001) (quoting 720 ILL. COMP. STAT. 5/12–3(a)).  The assault and battery claims will receive further review against Sergeant Leposky and C/O E. based on the same events giving rise to the Eighth Amendment claims.  This claim will be dismissed against all other defendants.

### Identification of C/O E.

"C/O E." must be identified before service of the Amended Complaint can be made on the defendant.  The Warden of Menard Correctional Center will be added as a defendant, in an official capacity only, for purposes of identifying this individual. Plaintiff will have the opportunity to engage in limited discovery to ascertain this officer's identity and name this person in a motion for substitution of defendant.

---

[1] 28 U.S.C. § 1367 authorizes a federal court to exercise supplemental jurisdiction over state law claims that form the same case or controversy as claims over which the federal court has original jurisdiction.

### Disposition

The Amended Complaint (Doc. 13) survives screening pursuant to 28 U.S.C. § 1915A. **COUNTS 1** and **7** will proceed against **SERGEANT LEPOSKY** and **C/O E.** (once identified), and **COUNT 3** will proceed against **SERGEANT LEPOSKY**.

The **WARDEN of MENARD CORRECTIONAL CENTER** is **ADDED** as a defendant, in an official capacity only, for purposes of identifying Defendant C/O E. by first and last name.

**ALL OTHER CLAIMS** (Counts 2, 4, 5, and 6) and **DEFENDANTS** (C/O John Doe and C/O Garcia) are **DISMISSED** without prejudice because the Amended Complaint fails to state a claim upon which relief may be granted.

The Clerk shall prepare for Defendants **WARDEN OF MENARD CORRECTIONAL CENTER (official capacity only), SERGEANT LEPOSKY,** and **C/O E. (once identified)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint (Doc. 13), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be

retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

The Warden of Menard Correctional Center must only file a notice of appearance and need not file an answer or other response to the Amended Complaint. Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244 and SDIL-LR 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though he was granted *in forma pauperis* status. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**The Clerk of Court is DIRECTED to ADD the WARDEN OF MENARD CORRECTIONAL CENTER (official capacity only); TERMINATE C/O JOHN DOE and C/O GARCIA; and ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**IT IS SO ORDERED.**

DATED:   February 20, 2025            *s/ Staci M. Yandle*
　　　　　　　　　　　　　　　　　　　　**STACI M. YANDLE**
　　　　　　　　　　　　　　　　　　　　**United States District Judge**

**Notice to Plaintiff**

      Once identified, the Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Amended Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** *from the date they are served with this lawsuit* to receive the Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.